IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JEFFREY P. BECKHAM,

  Plaintiff,

vs.            No. 05-2279-B/P

WEST TENNESSEE STATE PRISON,

  Defendant.

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jeffrey P. Beckham, prisoner number 350927, an inmate at the West Tennessee State Prison ("WTSP")[1] in Henning, filed a pro se complaint and amended complaint pursuant to 42 U.S.C. § 1983. The Clerk shall record the defendants as the West Tennessee State Prison, the Tennessee Department of Correction, William Brown, Lahoy Currie, Robert Adams, Will Wright, Patricia Stewart, Counselor Bartlett, and Sergeant Nicks.[2]

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] The Clerk erroneously docketed "Security Land" and "Medical Services" as defendants. Plaintiff was referencing a previous case and wrote "WTSP/TDOC Security/and or Medical Serv." were named defendants. The Clerk shall delete all references to those parties as defendants in this case.

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted an <u>in forma pauperis</u> affidavit containing a certification by the trust fund officer or a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to

plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the WTSP Warden to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Beckham sues the defendants contending his request for a transfer to another institution had been improperly denied, his requests for protective custody have been refused, and he has been denied medical attention for injuries sustained in a slip and fall. He alleges that he received a disciplinary charge for refusing a direct order despite his excuse for the disobedience.  Beckham "fear[s]" that officers and employees are threatening him through inmates.

The inmate claims that a grievance procedure exists at the WTSP and he took "any and every step available, at and of [his] abilities" and "every level available, all the way to Dept. Of Just[ice] or F.B.I." but his grievances were either "denied, because of some personal discrepancy and not by policy or law" or "[no results] yet."  He also alleges in the amended complaint that when defendant Miller asked if he had filed any grievances or complaints,

4

he told Miller that he had filed a writ of habeas corpus and lawsuits in federal court.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or

otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint contains multiple issues. Plaintiff was required to file a grievance for each claim which detailed the incident and named the party involved. His conclusory allegations of taking "any and every step available" is insufficient to demonstrate a good faith attempt to exhaust the available grievance procedure for the issues presented. The plaintiff has submitted no evidence that he filed any grievance for any alleged incident. Accordingly, Beckham has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to his claims.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[3] Accordingly, the plaintiff's complaint is DISMISSED, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

---

[3] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v.

---

[4] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

    IT IS SO ORDERED this 4th day of May, 2006.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE